# EXHIBIT A



# Notice of Service of Process

null / ALL
**Transmittal Number: 31425174**
**Date Processed: 05/15/2025**

| | |
|---|---|
| **Primary Contact:** | Bridget Peterson<br>Inspire Brands, Inc.<br>3 Glenlake Pkwy<br>Fl 5<br>Atlanta, GA 30328-3584 |
| **Electronic copy provided to:** | Brad Orschel<br>Derek Ensminger<br>Matthew Becker<br>John Hopkins |

| | |
|---|---|
| **Entity:** | Inspire Brands, Inc.<br>Entity ID Number 3978154 |
| **Entity Served:** | Inspire Brands, Inc. |
| **Title of Action:** | Duane Morton, individually and on behalf of All Others Similarly Situated vs. Buffalo Wild Wings, Inc |
| **Matter Name/ID:** | Duane Morton, individually and on behalf of all others similarly situated vs. Buffalo Wild Wings, Inc. (17295471) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Cook County Circuit Court, IL |
| **Case/Reference No:** | 2025CH05008 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 05/15/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Harrer Law, P.C.<br>312-858-3239 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Hearing Date: 7/7/2025 9:30 AM
Location: Court Room 2301
Judge: Quish, Clare J

FILED DATE: 5/5/2025 3:18 PM   2025CH05008

FILED
5/5/2025 3:18 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH05008
Calendar, 14
32570562

| | | |
|---|---|---|
| 2120 – Served | 2121 – Served | 2620 – Sec. of State |
| 2220 – Not Served | 2221 – Not Served | 2621 – Alias Sec of State |
| 2320 – Served By Mail | 2321 – Served By Mail | |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| Summons – Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Duane Morton and Kory Larson

_____
Plaintiff(s)

v.

Inspire Brands, Inc.

_____
Defendant(s)

Corporation Service Co, 251 Little Falls Dr,
Wilmington, DE 19808

_____
Address of Defendant(s)

Case No.   **2025CH05008**
_____

Please serve as follows (check one):   ○ Certified Mail   ○ Sheriff Service   ● Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE.** You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

Summons - Alias Summons                                                (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

| | |
|---|---|
| ⦿ Atty. No.: 102120 | Witness date _____ |
| ○ Pro Se 99500 | 5/5/2025 3:18 PM Mariyana T. Spyropoulos |
| Name: Harrer Law, P.C. | |
| Atty. for (if applicable): | IRIS Y. MARTINEZ, Clerk of Court |
| Plaintiff | ☐ Service by Certified Mail: _____ |
| Address: 650 Warrenville Road, Suite 100 | ☐ Date of Service: _____ |
| City: Lisle | (To be inserted by officer on copy left with employer or other person) |
| State: IL   Zip: 60532 | |
| Telephone: 312-858-3239 | |
| Primary Email: Seth@harrerlaw.com | |

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

FILED DATE: 5/5/2025 3:18 PM   2025CH05008

FILED DATE: 5/2/2025 3:18 PM   2025CH05008

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION

**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION

**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION

**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION

**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE

**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION

**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION

**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE

**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS

**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

### DISTRICT 4 - MAYWOOD

**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW

**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

### DISTRICT 6 - MARKHAM

**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

Hearing Date: 7/7/2025 9:30 AM
Location: Court Room 2301
Judge: Quish, Clare J

For updated information about your case, including hearings, subsequent filings
and other case information, please visit our Online Case Search
and search for your case: https://casesearch.cookcountyclerkofcourt.org

12-Person Jury

FILED
5/5/2025 3:18 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH05008
Calendar, 14
32570562

FILED DATE: 5/5/2025 3:18 PM    2025CH05008

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| DUANE MORTON and KORY LARSON, individually and on behalf of all others similarly situated, <br><br>          Plaintiffs, <br><br> vs. <br><br> BUFFALO WILD WINGS, INC. and INSPIRE BRANDS, INC., <br><br>          Defendants. | Case No. **2025CH05008** <br><br> **CLASS ACTION COMPLAINT** <br><br> Jury Trial Demanded |

### CLASS ACTION COMPLAINT

Plaintiffs Duane Morton and Kory Larson ("Plaintiffs"), individually and on behalf of all others similarly situated (the "Class"), by and through their attorneys, bring this class action against Defendants Buffalo Wild Wings, Inc. and Inspire Brands, Inc. (collectively "Buffalo Wild Wings" or "Defendants") and allege as follows:

### INTRODUCTION

1.      This case concerns the misuse and unlawful solicitation and collection of individuals' genetic information in Illinois by Buffalo Wild Wings. As a condition of employment, Buffalo Wild Wings solicits and requires employees to disclose genetic information by subjecting potential employees to questioning about family medical history in violation of Illinois' Genetic Information Privacy Act, 410 ILCS 513/1, *et seq*. ("GIPA").

2.      Having considered the uniquely private and sensitive nature of genetic information—and the potential for harmful discrimination that such information may encourage among employers—the Illinois General Assembly enacted GIPA in 1998 in part to regulate employers' use of such genetic information. In addition to baseline protections applying to

1

FILED DATE: 5/5/2025 3:18 PM   2025CH05008

individuals' genetic information, GIPA specifically provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

    (1)   Solicit, request require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;

    (2)   Affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure of any person with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;

    (3)   Limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and

    (4)   Retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.

410 ILCS 513/25(c).

3.    GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.[1]

---

[1] 410 ILCS 513/10, by reference to 45 C.F.R. § 160.103.

2

FILED DATE: 5/5/2025 3:18 PM   2025CH05008

4.      Genetic information, including family health history, is a private and sensitive form of personal information. The genetic information contained therein reveals a trove of intimate information about that person's health, family, and innate characteristics.

5.      The availability of genetic information presents opportunities for discrimination—for example, groups with a predisposition for genetic conditions may be barred from obtaining certain jobs or life insurance. GIPA is intended to protect prospective employees from this kind of discrimination in employment.

6.      In requiring prospective employees, like Plaintiffs, to disclose their family medical history, Buffalo Wild Wings has violated Plaintiffs' and Class members' statutory rights to genetic privacy.

7.      In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." 410 ILCS 513/5(2).

8.      GIPA bestows a right to privacy in one's genetic information and a right to prevent the solicitation of, collection, or disclosure of such information. This allows individuals to enjoy the benefits of knowing their genetic information, such as taking proactive measures to prevent conditions they are predisposed to genetically, without subjecting themselves to possible discrimination in the workplace.

9.      Despite GIPA's prohibition against soliciting family medical information concerning familial diseases and disorders, Buffalo Wild Wings continues to request that its employees and prospective employees provide protected family medical history in violation of

3

GIPA.

10.     Plaintiffs bring this action for statutory damages and other remedies because of Buffalo Wild Wings' conduct in violating Plaintiffs' Illinois genetic privacy rights.

11.     On Plaintiffs' behalf, and on behalf of all others similarly situated, Plaintiffs seek: (1) an injunction requiring Buffalo Wild Wings to comply with GIPA, (2) recovery of statutory damages, (3) reasonable attorneys' fees and costs, and (4) other litigation expenses.

## JURISDICTION AND VENUE

12.     This Court may assert personal jurisdiction over Buffalo Wild Wings pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Buffalo Wild Wings does business within this State and because Plaintiffs' claims arise out of Buffalo Wild Wings' unlawful actions in this State, as Buffalo Wild Wings directly or indirectly solicited, requested, required, or purchased genetic information of its job applicants as a condition of applicants' employment or preemployment application in Illinois.

13.     Venue is proper in Cook County because Defendants are doing business in Cook County and thus reside there under 735 ILCS § 5/2-102(a). Venue is also proper in Cook County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred.

## PARTIES

14.     **Plaintiff Duane Morton.** Duane Morton was, at all times relevant to this action, a citizen of Illinois, residing in Cook County. Mr. Morton applied to Buffalo Wild Wings at the Lansing, IL location in or around June of 2020.

15.     **Plaintiff Kory Larson.** Kory Larson was, at all times relevant to this action, a citizen of Illinois, residing in Cook County. Mr. Larson applied to Buffalo Wild Wings at the

FILED DATE: 5/5/2025 3:18 PM   2025CH05008

4

FILED DATE: 5/5/2025 3:18 PM    2025CH05008

Woodridge, IL location in or around February of 2023.

16. **Defendant Buffalo Wild Wings, Inc.** Buffalo Wild Wings is a Minnesota corporation, headquartered at 3 Glenlake Parkway, Atlanta, Georgia 30328. Buffalo Wild Wings maintains and operates restaurants throughout the country, including Illinois. Buffalo Wild Wings solicits employment applications and employs individuals in Illinois. Because Buffalo Wild Wings conducts business in Illinois and enjoys the benefits and protections of Illinois law, it is subject to jurisdiction in Illinois for conduct arising out of its Illinois contacts.

17. **Defendant Inspire Brands, Inc.** Inspire Brands is a Delaware corporation, headquartered at 3 Glenlake Parkway, Atlanta, Georgia 30328. Inspire Brands maintains and operates restaurants throughout the country, including Illinois. Inspire Brands solicits employment applications and employs individuals in Illinois. Inspire Brands is the parent company of Buffalo Wild Wings, Inc. Because Inspire Brands conducts business in Illinois and enjoys the benefits and protections of Illinois law, it is subject to jurisdiction in Illinois for conduct arising out of its Illinois contacts.

## FACTUAL ALLEGATIONS

### A. Background

18. The Illinois Legislature and the CDC have recognized that the increase in accessibility of genetic information and testing has also increased the opportunity for abuse and discrimination using this data. To address concerns related to the misuse of genetic information, Illinois and other states regulate the collection, use, and disclosure of genetic information.

19. In 1998, the Illinois General Assembly enacted the Genetic Information Privacy Act, 410 ILCS 513/1 *et seq.* out of recognition that genetic information could be used for discriminatory purposes, particularly in employment contexts.

5

FILED DATE: 5/5/2025 3:18 PM   2025CH05008

20.    Accordingly, GIPA prohibits employers from directly or indirectly soliciting, requesting, requiring, or purchasing the genetic information (such as family medical history) or genetic test results of a person or family member of a person as a condition of employment, preemployment application, labor organization membership, or licensure. 410 ILCS 513/25(c)(1).

21.    The Illinois Legislature amended GIPA in 2008 to increase its protections and harmonize Illinois law with the Federal Genetic Information Nondiscrimination Act of 2008. 110 P.L. 233; *see also* 42 U.S.C. § 2000ff. The 2008 GIPA amendments sought to further prohibit discriminatory practices of employers through the use of employees' genetic information, including family medical history.

22.    During discussions of the 2008 GIPA amendments, the Illinois Legislature recognized the importance of safeguarding family medical history because this data reveals genetic predispositions:

> I hope the [Legislature] understands the importance of [family medical history]; it's becoming more and more important. Back in '96 or '97, I had a third generation ovarian cancer survivor that came to me with this issue . . . . If a woman has . . . the gene that causes breast cancer, she can have up to an 84% probability that she will develop breast cancer sometime in her life. [I]t's important that we help people be able to know that information and know they won't be discriminated against in their employment . . . . Quite honestly, with genetic information we have today, we could identify a pool of people that . . . no one would want to employ. [GIPA] helps guarantee that we don't have that kind of discrimination occur.

Illinois House Transcript, 2008 Reg. Sess. No. 276, pp. 33–34.

23.    GIPA defines an employer, in relevant part, as "every [] person employing employees within the state."

24.    Buffalo Wild Wings is an employer as defined by GIPA because Buffalo Wild Wings employs employees within Illinois.

FILED DATE: 5/5/2025 3:18 PM   2025CH05008

25.     Buffalo Wild Wings is a company that owns and operates restaurants. Buffalo Wild Wings employs hundreds or thousands of employees in Illinois, including in Cook County, where Plaintiffs applied to work at Buffalo Wild Wings.

26.     Buffalo Wild Wings owns and operates 89 restaurants in Illinois.[2]

27.     As part of its hiring process, Buffalo Wild Wings requires its prospective employees to submit preemployment applications with questions about family medical history, including family history of specified inheritable medical conditions. These questions constitute an unlawful request and/or solicitation of information regarding the manifestation of inheritable diseases or disorders in the immediate family members of the prospective employee.

28.     Buffalo Wild Wings did not inform Plaintiffs or the Class of their right to not answer any questions regarding their genetic information.

29.     Buffalo Wild Wings thus violated GIPA by directly or indirectly soliciting and obtaining Plaintiffs' and the Class's genetic information as a precondition of employment or as part of their preemployment application.

30.     Buffalo Wild Wings was or should have been aware of its obligations under GIPA. Nonetheless, Buffalo Wild Wings intentionally and/or recklessly requested or solicited Plaintiffs' and the Class's genetic information in the form of their family medical histories in violation of GIPA.

31.     As a result, Buffalo Wild Wings' violations were willful because it knew, or reasonably should have known, that it was failing to comply with the above-described requirements of GIPA.

---

[2] *Locations*, BUFFALO WILD WINGS, https://www.buffalowildwings.com/locations/all/ (last visited March 27, 2025).

7

FILED DATE: 5/5/2025 3:18 PM   2025CH05008

**B. Plaintiff Duane Morton**

32.     In or around June of 2020, Duane Morton applied for a job at Buffalo Wild Wings' Lansing, Illinois location.

33.     As part of the application and hiring process, and as a precondition of employment, Buffalo Wind Wings required Mr. Morton to complete a job application containing questions about his family medical history, including his genetic predisposition to specified medical conditions.

34.     In response, Mr. Morton disclosed his genetic information, including his family history of kidney disease and breast cancer.

35.     Thus, Mr. Morton's sensitive genetic information, including the existence of his family's inheritable diseases and disorders, was directly solicited and requested by Buffalo Wild Wings as a condition of Plaintiff's pre-employment application.

36.     Mr. Morton was not advised by Buffalo Wild Wings or anyone else acting on behalf of Buffalo Wild Wings, either verbally or in writing, not to disclose the solicited genetic information. Nor did Mr. Morton provide his genetic information in furtherance of a workplace wellness program.

37.     By requiring Mr. Morton to answer questions about his family medical history, Buffalo Wild Wings directly or indirectly solicited, requested, purchased, and/or required Mr. Morton to disclose his genetic information in violation of GIPA.

**C. Plaintiff Kory Larson**

38.     In or around February of 2023, Kory Larson applied for a job at Buffalo Wild Wings' Woodridge, Illinois location.

39.     As part of the application and hiring process, and as a precondition of employment, Buffalo Wind Wings required Mr. Larson to complete a job application containing questions about

FILED DATE: 5/5/2025 3:18 PM   2025CH05008

his family medical history, including his genetic predisposition to specified medical conditions.

40.     In response, Mr. Larson disclosed his genetic information, including his family history of high blood pressure.

41.     Thus, Mr. Larson's sensitive genetic information, including the existence of his family's inheritable diseases and disorders, was directly solicited and requested by Buffalo Wild Wings as a condition of Plaintiff's pre-employment application.

42.     Mr. Larson was not advised by Buffalo Wild Wings or anyone else acting on behalf of Buffalo Wild Wings, either verbally or in writing, not to disclose the solicited genetic information. Nor did Mr. Larson provide his genetic information in furtherance of a workplace wellness program.

43.     By requiring Mr. Larson to answer questions about his family medical history, Buffalo Wild Wings directly or indirectly solicited, requested, purchased, and/or required Mr. Larson to disclose his genetic information in violation of GIPA.

## CLASS ACTION ALLEGATIONS

44.     Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated pursuant to 735 ILCS § 5/2-801. The Class which Plaintiffs seeks to represent comprises:

> All individuals who applied for employment with Buffalo Wild Wings in Illinois and from whom Buffalo Wild Wings, or an agent, vendor, and/or contractor acting on behalf of Buffalo Wild Wings or for Buffalo Wild Wings' benefit, has requested and/or obtained family medical history or other genetic information within the applicable limitations period.

Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

45.     Excluded from the class are members of the judiciary assigned to preside over this

9

FILED DATE: 5/5/2025 3:18 PM   2025CH05008

matter; any officer or director of Buffalo Wild Wings; and any immediate family member of such officers or directors.

46.    The proposed Class meets all requirements of 735 ILCS 5/2-801.

47.    **Numerosity**. The Class is so numerous that joinder of all individual plaintiffs is impracticable. On information and belief, there are at least 100 members of the Class. The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

48.    **Commonality and Predominance**. Common questions of fact and law predominate over questions that may affect individual class members, including the following:

    a.   Whether Buffalo Wild Wings' conduct is subject to GIPA;

    b.   Whether Buffalo Wild Wings directly or indirectly solicited Plaintiffs' and the other Class members' genetic information as a condition of employment or through their preemployment application in violation of 410 ILCS 513/25(c)(1);

    c.   Whether Buffalo Wild Wings' violations of GIPA were negligent;

    d.   Whether Buffalo Wild Wings' violations of GIPA were reckless or intentional; and

    e.   Whether Plaintiffs and the Class are entitled to damages and injunctive relief.

49.    Plaintiffs' claims are typical of the claims of the Class and arise from the same common practice and scheme used by Buffalo Wild Wings to solicit or obtain or require the disclosure of the genetic information of members of the Class. In each instance, Buffalo Wild Wings solicited or obtained genetic information from Plaintiffs and the Class by inquiring about family medical history or other genetic data as a part of their pre-employment applications, in

violation of GIPA.

50. **Adequacy of Representation**. Plaintiffs and their counsel will fairly and adequately represent and protect the interests of the Class. Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the members of the Class they seek to represent, and they intend to prosecute this action vigorously. Plaintiffs have retained competent and experienced counsel in class action and other complex litigation.

51. **Superiority**. A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for the Class to prosecute their claims individually.

52. The trial and litigation of Plaintiffs' claims are manageable. Individual litigation of the legal and factual issues raised by Buffalo Wild Wings' conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economics of scale, and comprehensive supervision by a single court.

53. Buffalo Wild Wings has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Buffalo Wild Wings.

54. Absent a class action, Defendants will likely retain the benefits of their wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class will continue to suffer losses and Buffalo Wild Wings will be allowed to continue

11

FILED DATE: 5/5/2025 3:18 PM 2025CH05008

these violations of law.

**COUNT ONE**
**VIOLATION OF THE ILLINOIS GENETIC INFORMATION PRIVACY ACT**
**410 ILCS 513/1, *et seq.***
***(On Behalf of Plaintiffs and the Class)***

55.     Plaintiffs reallege and incorporate by reference all preceding allegations as though fully set forth herein.

56.     Buffalo Wild Wings is a corporation that employs individuals within the state of Illinois and thus meets the definition of an "employer" under GIPA. 410 ILCS 513/10.

57.     GIPA defines "genetic information" by referencing HIPAA, as specified in 45 C.F.R. § 160.103. Under this definition, "genetic information" includes the "manifestation or possible manifestation of a disease or disorder in family members of [an] individual."

58.     Under GIPA, an employer shall not directly or indirectly solicit, request, require, or purchase genetic information of a person or a family member of the person as a condition of employment or preemployment application. 410 ILCS 513/25(c)(1).

59.     As a precondition of their consideration for employment with Buffalo Wild Wings, Plaintiffs and the Class were required complete preemployment applications wherein Buffalo Wild Wings, or Buffalo Wild Wings' agent, requested Plaintiffs' and the Class's family medical history information, *i.e.* the manifestation of a disease or disorder in family members. By doing so, Buffalo Wild Wings directly or indirectly solicited, requested, purchased, and/or required Plaintiffs and Class members to disclose their genetic information as a condition of a pre-employment application.

60.     Plaintiffs and the Class also provided personal identifying information ("PII"), including their full names, home addresses, dates of birth, Social Security numbers, and gender

12

FILED DATE: 5/5/2025 3:18 PM    2025CH05008

identities to Buffalo Wild Wings as part of their employment applications.

61.     The information Buffalo Wild Wings solicited, requested, and/or obtained from Plaintiffs and Class members is the type of information protected by GIPA. 410 ILCS 513/10.

62.     Buffalo Wild Wings failed to advise Plaintiffs and Class members, either verbally or in writing, of their statutorily protected right under GIPA to refuse to provide their family medical history of genetic information.

63.     Plaintiffs and Class members have been aggrieved by Buffalo Wild Wings' above violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA.

64.     GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA and, alternatively, damages of $2,500 for each negligent violation of GIPA. 410 ILCS 513/40(a)(1)–(2).

65.     Buffalo Wild Wings' violations of GIPA were knowing and willful or were at least in reckless disregard of GIPA's prohibitions. Buffalo Wild Wings knew or reasonably should have known that its demands violated GIPA. Alternatively, Buffalo Wild Wings negligently failed to comply with GIPA.

66.     Accordingly, Plaintiffs, individually and on behalf of the Class, pray for the relief set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, request that this Court enter an Order granting the following relief against Defendants:

a.      Entry of an order certifying the Class as defined above, appointing Plaintiffs as Class Representatives, and appointing Plaintiffs' Counsel as Class Counsel;

13

FILED DATE: 5/5/2025 3:18 PM   2025CH05008

b.  Declaring that Defendants' actions, as set forth herein, violate GIPA;

c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class by requiring Defendants to comply with GIPA pursuant to 410 ILCS 513/40(a)(4);

d.  Awarding statutory damages of $15,000 for each of Defendants' reckless or intentional violations of GIPA pursuant to 410 ILCS 513/40(a)(2);

e.  Awarding statutory damages of $2,500 for each of Defendants' negligent violations of GIPA pursuant to 410 ILCS 513/40(a)(1);

f.  Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 410 ILCS 513/40(a)(3);

g.  Awarding pre-judgment interest to the extent permitted by law; and

h.  Such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all triable issues.

DATED: May 5, 2025                          Respectfully submitted,

                                            /s/ Seth McCormick
                                            Seth McCormick, Esq.
                                            Rob Harrer, Esq.
                                            HARRER LAW, P.C.
                                            650 Warrenville Rd, Ste 100
                                            Lisle, IL 60532
                                            Tel: (312) 858-3240
                                            seth@harrerlaw.com
                                            rob@harrerlaw.com

                                            Glenn A. Danas, Esq.*
                                            Michael A. Boelter, Esq.*
                                            CLARKSON LAW FIRM
                                            22525 Pacific Coast Highway
                                            Malibu, CA 90265
                                            Tel: (213) 788-4050

FILED DATE: 5/5/2025 3:18 PM    2025CH05008

gdanas@clarksonlawfirm.com
mboelter@clarksonlawfirm.com

*Pro Hac Vice forthcoming*

*Attorneys for Plaintiffs*

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them.

These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By:    */s/ Seth McCormick*
One of Plaintiffs' Attorneys

15

FILED DATE: 5/5/2025 3:18 PM   2025CH05008

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| DUANE MORTON and KORY LARSON, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiffs, | Jury Trial Demanded |
| vs. | |
| BUFFALO WILD WINGS, INC. and INSPIRE BRANDS, INC., | |
| Defendants. | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiffs Duane Morton and Kory Larson ("Plaintiffs"), by and through undersigned counsel, respectfully request this Court to issue an order that this action, alleging violations of the Illinois' Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.* ("GIPA"), may proceed on behalf of a class against Defendants Buffalo Wild Wings, Inc. and Inspire Brands, Inc. (collectively "Defendants").

The class consists of:

All individuals who applied for employment with Buffalo Wild Wings in Illinois and from whom Buffalo Wild Wings, or an agent, vendor, and/or contractor acting on behalf of Buffalo Wild Wings or for Buffalo Wild Wings' benefit, has requested and/or obtained family medical history or other genetic information within the applicable limitations period.

Plaintiffs are required to file a motion for class certification prior to any tender of payment by Defendants to ensure that Plaintiffs' individual claims are not mooted, and Plaintiffs may request leave to supplement the motion at a later date. *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.*, 2015 IL 118644 (2015).

In support of this motion, Plaintiffs state as follows:

1

FILED DATE: 5/5/2025 3:18 PM   2025CH05008

## I.    Nature of the Case

1.    Plaintiff Duane Morton ("Morton") is a natural person residing in Indiana. Plaintiff Morton previously resided in Illinois, including when he applied for employment at Buffalo Wild Wings.

2.    Plaintiff Kory Larson ("Larson") is a natural person residing in Illinois.

3.    Defendant Buffalo Wild Wings ("Buffalo Wild Wings") is a Minnesota corporation that maintains and operates restaurants throughout the country, including Illinois. Buffalo Wild Wings is a corporation that employs individuals within the state of Illinois and thus meets the definition of an "employer" under GIPA. 410 ILCS 513/10

4.    Defendant Inspire Brands, Inc. ("Inspire Brands") is a Delaware corporation, headquartered at 3 Glenlake Parkway, Atlanta, Georgia 30328. Inspire Brands maintains and operates restaurants throughout the country, including Illinois. Inspire Brands solicits employment applications and employs individuals in Illinois. Inspire Brands is the parent company of Buffalo Wild Wings.

5.    In or around June of 2020, Duane Morton applied for a job at Buffalo Wild Wings' Lansing, Illinois location.

6.    As part of the application and hiring process, and as a precondition of employment, Buffalo Wind Wings required Mr. Morton to complete a job application containing questions about his family medical history, including his genetic predisposition to specified medical conditions.

7.    In response, Mr. Morton disclosed his genetic information, including his family history of kidney disease and breast cancer.

8.    Thus, Mr. Morton's sensitive genetic information, including the existence of his family's inheritable diseases and disorders, was directly solicited and requested by Buffalo Wild

2

FILED DATE: 5/5/2025 3:18 PM   2025CH05008

Wings as a condition of Plaintiff's pre-employment application.

9.      Mr. Morton was not advised by Buffalo Wild Wings or anyone else acting on behalf of Buffalo Wild Wings, either verbally or in writing, not to disclose the solicited genetic information. Nor did Mr. Morton provide his genetic information in furtherance of a workplace wellness program.

10.     By requiring Mr. Morton to answer questions about his family medical history, Buffalo Wild Wings directly or indirectly solicited, requested, purchased, and/or required Mr. Morton to disclose his genetic information in violation of GIPA.

11.     In or around February of 2023, Kory Larson applied for a job at Buffalo Wild Wings' Woodridge, Illinois location.

12.     As part of the application and hiring process, and as a precondition of employment, Buffalo Wind Wings required Mr. Larson to complete a job application containing questions about his family medical history, including his genetic predisposition to specified medical conditions.

13.     In response, Mr. Larson disclosed his genetic information, including his family history of high blood pressure.

14.     Thus, Mr. Larson's sensitive genetic information, including the existence of his family's inheritable diseases and disorders, was directly solicited and requested by Buffalo Wild Wings as a condition of Plaintiff's pre-employment application.

15.     Mr. Larson was not advised by Buffalo Wild Wings or anyone else acting on behalf of Buffalo Wild Wings, either verbally or in writing, not to disclose the solicited genetic information. Nor did Mr. Larson provide his genetic information in furtherance of a workplace wellness program.

3

FILED DATE: 5/5/2025 3:18 PM   2025CH05008

16.     By requiring Mr. Larson to answer questions about his family medical history, Buffalo Wild Wings directly or indirectly solicited, requested, purchased, and/or required Mr. Larson to disclose his genetic information in violation of GIPA.

17.     Buffalo Wild Wings is a company that owns and operates restaurants. Buffalo Wild Wings employs hundreds or thousands of employees in Illinois, including in Cook County, where Plaintiffs applied to work at Buffalo Wild Wings.

18.     Buffalo Wild Wings owns and operates 89 restaurants in Illinois.[1]

19.     As part of its hiring process, Buffalo Wild Wings requires its prospective employees to submit preemployment applications with questions about family medical history, including family history of specified inheritable medical conditions. These questions constitute an unlawful request and/or solicitation of information regarding the manifestation of inheritable diseases or disorders in the immediate family members of the prospective employee.

20.     Buffalo Wild Wings did not inform Plaintiffs or the Class of their right to not answer any questions regarding their genetic information.

21.     Buffalo Wild Wings thus violated GIPA by directly or indirectly soliciting and obtaining Plaintiffs' and the Class's genetic information as a precondition of employment or as part of their preemployment application.

22.     Buffalo Wild Wings was or should have been aware of its obligations under GIPA. Nonetheless, Buffalo Wild Wings intentionally and/or recklessly requested or solicited Plaintiffs' and the Class's genetic information in the form of their family medical histories in violation of GIPA.

---

[1] *Locations*, BUFFALO WILD WINGS, https://www.buffalowildwings.com/locations/all/ (last visited March 27, 2025).

4

FILED DATE: 5/5/2025 3:18 PM   2025CH05008

23.     As a result, Buffalo Wild Wings' violations were willful because it knew, or reasonably should have known, that it was failing to comply with the above-described requirements of GIPA.

**II.     The Illinois Genetic Privacy Information Act**

24.     The Illinois Legislature and the CDC have recognized that the increase in accessibility of genetic information and testing has also increased the opportunity for abuse and discrimination using this data. To address concerns related to the misuse of genetic information, Illinois and other states regulate the collection, use, and disclosure of genetic information.

25.     In 1998, the Illinois General Assembly enacted the Genetic Information Privacy Act, 410 ILCS 513/1 *et seq.* out of recognition that genetic information could be used for discriminatory purposes, particularly in employment contexts.

26.     Accordingly, GIPA prohibits employers from directly or indirectly soliciting, requesting, requiring, or purchasing the genetic information (such as family medical history) or genetic test results of a person or family member of a person as a condition of employment, preemployment application, labor organization membership, or licensure. 410 ILCS 513/25(c)(1).

27.     The Illinois Legislature amended GIPA in 2008 to increase its protections and harmonize Illinois law with the Federal Genetic Information Nondiscrimination Act of 2008. 110 P.L. 233; *see also* 42 U.S.C. § 2000ff. The 2008 GIPA amendments sought to further prohibit discriminatory practices of employers through the use of employees' genetic information, including family medical history.

28.     During discussions of the 2008 GIPA amendments, the Illinois Legislature recognized the importance of safeguarding family medical history because this data reveals genetic predispositions:

5

FILED DATE: 5/5/2025 3:18 PM   2025CH05008

> I hope the [Legislature] understands the importance of [family medical history]; it's becoming more and more important. Back in '96 or '97, I had a third generation ovarian cancer survivor that came to me with this issue . . . . If a woman has . . . the gene that causes breast cancer, she can have up to an 84% probability that she will develop breast cancer sometime in her life. [I]t's important that we help people be able to know that information and know they won't be discriminated against in their employment . . . . Quite honestly, with genetic information we have today, we could identify a pool of people that . . . no one would want to employ. [GIPA] helps guarantee that we don't have that kind of discrimination occur.

Illinois House Transcript, 2008 Reg. Sess. No. 276, pp. 33–34.

29.    GIPA defines an employer, in relevant part, as "every [] person employing employees within the state."

30.    Under GIPA, an employer shall not directly or indirectly solicit, request, require, or purchase genetic information of a person or a family member of the person as a condition of employment or preemployment application. 410 ILCS 513/25(c)(1).

31.    GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA and, alternatively, damages of $2,500 for each negligent violation of GIPA. 410 ILCS 513/40(a)(1)–(2).

## III.    Requirements for Class Certification

32.    Illinois law allows for the maintenance of a class action when the following prerequisites are met:

(1)    The class is so numerous that joinder of all members is impracticable.

(2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3)    The representative parties will fairly and adequately protect the interest of the class.

(4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

6

FILED DATE: 5/2/2025 3:18 PM   2025CH05008

735 ILCS 5/2-801.

33.    The class action determination is to be made as soon as practicable after the commencement of an action brought as a class action and before any consideration of the merits. 735 ILCS 5/2-802.

34.    Decisions regarding class certification are left to the "sound discretion" of the circuit court and will be overturned only where the court clearly abuses that discretion or applied "impermissible legal criteria." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 819 (Ill. 2005).

35.    Class actions are essential to enforce laws protecting consumers. As the court stated in *Eshaghi v. Hanley Dawson Cadillac Co.*:

> In a large and impersonal society, class actions are often the last barricade of consumer protection .... To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which arc both handsome and tempting. The alternatives to the class action -- private suits or governmental actions - - have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer.

214 Ill. App.3d 995, 997 (1st Dist. 1991)

36. As demonstrated below, each of the requirements for class certification is met

## 1.   **Numerosity**

37.    Section 2-801 (1) parallels the language of Federal Rule of Civil Procedure 23(a)(1 ); therefore, federal case law is instructive on the numerosity requirements under the Illinois Rules. *Wood River Area Dev. Corp. v. Germania Fed. Sav. & Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990). The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 10-40. *See Kulins v. Malco*, 121 Ill. App. 3d 520, 530 (1st Dist. 1984)

FILED DATE: 5/5/2025 3:18 PM    2025CH05008

(19 and 47 members sufficient); *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 members sufficient).

38.      It is not necessary that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Lit.*, 95 F.R.D. 321 (E.D.N.Y. 1982); *Lewis v. Gross*, 663 F. Supp. 1164, 1169 (E.D.N.Y 19786). "The court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential to most cases in order to reach a class determination .... Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 NEWBERG ON CLASS ACTIONS (3d ed. 1995), §7.22.

39.      In the present case, Plaintiff alleges, based on the volume of Defendants' business within the state and the number of restaurants it operates within the state of Illinois, that there are more than 40 class members, making them so numerous that joinder is impossible.

40.      While discovery will be needed to determine the precise class size, it is reasonable to infer that numerosity is satisfied. *See Wood River Area Dev. Corp.*, 198 Ill. App. 3d at 450 (concurring with a leading scholar's assertion that a class size of 40 clearly satisfies numerosity and that a class size of 25 likely satisfies numerosity); *Swiggett v. Watson*, 441 F.Supp. 254, 256 (D. Del. 1977) (an action challenging transfers of title pursuant to Delaware motor vehicle repairer's lien, the fact the Department of Motor Vehicles issued printed forms for such transfer was in of itself sufficient to show that the numerosity requirement was satisfied); *Westcott v. Califano*, 460 F. Supp. 737, 744 (D .Mass. 1978) (in action challenging certain welfare policies, existence of policies and 148 families who were denied benefits to which policies applied

FILED DATE: 5/5/2025 3:18 PM   2025CH05008

sufficient to show numerosity, even though it was impossible to identify which of 148 families were denied benefits because of policies complained of)

### 2. **Common Questions and Predominance**

41.     A common question may be shown when the claims of the individual members of the class are based on the common application of a statute or they were aggrieved by the same or similar misconduct. *McCarthy v. La Salle Nat'l Bank & Trust Co.*, 230 Ill. App. 3d 628, 634 (1st Dist. 1992).

42.     In the present case, the predominant common questions are (i) whether, as part of the hiring process, Defendants required its prospective employees to submit preemployment applications with questions about family medical history, including family history of specified inheritable medical conditions, (ii) whether those questions constitute an unlawful request and/or solicitation of information regarding the manifestation of inheritable diseases or disorders in the immediate family members of the prospective employee, (iii) whether Defendants informed Plaintiffs or the Class of their right to not answer any questions regarding their genetic information, (iv) whether Defendants' conduct was willful and (v) Defendants' liability for such violations.

43.     Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement ... is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984).

44.     The only individual issue is the identification of the class members, a matter easily ascertainable from Defendants' files.

45.     Questions readily answerable from a party's files do not present an obstacle to class certification. *See Heastie v. Community Bank*, 125 F.R.D. 669 (N.D. Ill. 1989) (court found that

common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

### 3. <u>Adequacy of Representation</u>

46. The class action statute requires that the class representative provide fair and adequate protection for the interests of the class. That protection involves two factors: (a) the attorney for the class must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the representative must not have interests antagonistic to those of the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

47. Plaintiff has retained experienced counsel who focus exclusively on consumer protection and in the aggregate have certified numerous consumer class actions over the course of more than 20 years of practice. Plaintiff's proposed counsel will provide declarations, which sets forth counsel's qualifications, when this motion is presented for consideration by the Court.

48. There are no conflicts between Plaintiff and the class members.

### 4. <u>Appropriateness of Class Action</u>

49. Efficiency is the primary focus in determining whether the class action is an appropriate method for resolving the controversy presented. *Eovaldi v. First Nat'l Bank*, 57 F.R.D 545 (N.D.Ill. 1972). It is proper for a court, in deciding this issue, to consider the "inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161,1165 (7th Cir.1974).

50. In this case there is no better method available for the adjudication of the claims which might be brought by each individual consumer. The vast majority of consumers are

FILED DATE: 5/5/2025 3:18 PM   2025CH05008

FILED DATE: 5/5/2025 3:18 PM   2025CH05008

undoubtedly unaware that their rights under GIPA are being violated. In addition, the modest size of the claims makes it unlikely that consumers would be able to pay to retain counsel to protect their rights on an individual basis.

**IV.     Conclusion**

Having established that all of the requirements for certification of the Class have been met, this Court should certify this action as a class action.

DATED: May 5, 2025                          Respectfully submitted,

                                            */s/ Seth McCormick*
                                            Seth McCormick, Esq.
                                            Rob Harrer, Esq.
                                            HARRER LAW, P.C.
                                            650 Warrenville Rd, Ste 100
                                            Lisle, IL 60532
                                            Tel: (312) 858-3240
                                            seth@harrerlaw.com
                                            rob@harrerlaw.com

                                            Glenn A. Danas, Esq.*
                                            Michael A. Boelter, Esq.*
                                            CLARKSON LAW FIRM
                                            22525 Pacific Coast Highway
                                            Malibu, CA 90265
                                            Tel: (213) 788-4050
                                            gdanas@clarksonlawfirm.com
                                            mboelter@clarksonlawfirm.com

                                            *Pro Hac Vice forthcoming*

                                            *Attorneys for Plaintiffs*

11

FILED DATE: 5/5/2025 3:18 PM 2025CH05008

**CERTIFICATE OF SERVICE**

I, Seth McCormick, had this document placed for service with the Complaint to each party, and the Motion was served with the Complaint at each party's registered agent for service of process or an address designated by each company as a location for receiving legal documents related to the company.


/s/*Seth McCormick*
Seth McCormick

12